PHILLIPSBURG TRUST COMPANY, administrator *cum testamento annexo,* complainant,

*v.*

LILLIAN M. SMITH et al., defendants.

[Decided December 16th, 1924.]

**Bank Deposits—Joint Account—Account Originally in Name of Husband—Account Subsequently Changed—Some Ambiguity in Instructions—Question Whether in Terms a Joint Interest was Created—Evidence Supported the Existence of Such an Interest.**

On final hearing.

*Mr. Osiris D. McConnell,* for the complainant.

*Mr. William A. Stryker,* for the defendant Lillian M. Smith.

BUCHANAN, V. C.

This case involves the determination of the ownership of a certain bank deposit credit with the Lincoln Trust Company of New York, amounting, at the date of death of complainant's testator, Theodore M. Smith, to $2,501.65. Subsequently, some $1,300 was withdrawn by the defendant Mrs. Smith, and the balance was paid over to complainant.

The bank account originally stood in the name of decedent and comprised deposits of his own moneys. On February 27th, 1922, it amounted to some $1,200, and by a deposit made by him on that day of his own money was increased to $2,501.65. At the same time he made this deposit, and, evidently, as a part of the same transaction, he had the account changed. He did not have his pass-book with him, so no change was made thereon; the bank officer changed the

ledger account to "T. M. Smith or Lillian H. Smith;" both decedent and his wife signed a "signature card" bearing the following instruction:

"We hereby authorize the Lincoln Trust Company to place to the credit of our joint account checks drawn to the order of any one of us and endorsed by any one of us. All moneys standing to our joint credit are to be subject to the draft of any one of us. All moneys to be paid to the survivor after the death of either of us."

There is, perhaps, some ambiguity in this card, as to whether or not it in terms created a joint interest or account in the moneys already in the account, but, as I have said, the transaction was all at the same time; decedent took his wife there for the purpose; he was ill and expected to undergo an operation and be confined to a hospital for some time, with the possibility, of course, of more serious results.

I am satisfied by a preponderance of the evidence that it was the intention of the husband at that time to effectuate a then presently operating transfer to his wife of an interest in the bank credit then existing, to such an extent as to make her a joint owner thereof with him, with the incident of survivorship. Under the law of this state, as well as that of New York, the wife became the owner of the bank credit by survivorship on the death of the husband. There seems some doubt as to whether a statute of New York (section 198 of chapter 369 of the Banking act of New York of 1914), duly pleaded, proved and admitted, is applicable to the case at bar, but, if it be, it but serves to strengthen the conclusion to which I have come, by adding a presumption to the other evidence.

The wife, therefore, rightfully drew the portion mentioned, and is entitled to the balance which was paid to complainant.